Loyce CAMPBELL, Appellant,

v.

Shirley Alsbach OVERBERG,
Respondent.

No. 43379.

Missouri Court of Appeals,
Eastern District,
Division No. 3.

May 19, 1981.

Earl R. Blackwell, Hillsboro, for appellant.

G. William Weier, Crystal City, for respondent.

JAMES D. CLEMENS, Senior Judge.

Plaintiff Loyce Campbell appeals the summary judgment entered against him on his petition against defendant Shirley A. Overberg.

Plaintiff pleaded he loaned defendant $7,200 on her promissory note, which she agreed to secure by a deed of trust on her land; that defendant has refused to execute the promised deed of trust and plaintiff prayed for specific performance. The parties' affidavits mutually refuted the plaintiff's allegation that defendant had refused to execute the promised deed of trust. Instead, it is agreed she did execute it.

In support of her motion for summary judgment defendant averred plaintiff had formally acknowledged she had paid her note and he had released the securing deed of trust. This was supported by a recorded copy of plaintiff's notarized deed of release whereby he acknowledged defendant had fully paid her note. Plaintiff responded by his affidavit acknowledging he executed the deed of release, but averring he did so "merely as an accommodation to the defendant; and that there was no consideration paid to him for said full deed of release".

As said, the trial court rendered summary judgment against plaintiff. On appeal he contends the court erred because there was no proof defendant had paid her note. Plaintiff's deed of release squarely refutes the alleged non-payment.

Plaintiff further claims error on the ground there was no consideration for his deed of release but he cites no authority for that as a defense. To the contrary, the Uniform Commercial Code, Sect. 400.3–605 V.A.M.S., provides the holder of a note may

discharge the maker "without consideration".

Plaintiff also challenges the summary judgment on the pleaded ground he executed the deed of release "merely as an accommodation to the defendant". Plaintiff's brief neither argues this point nor cites supporting authority. The defense of being merely an accommodation maker applies to an obligor, not to an obligee, which plaintiff was. *Davis v. Holt*, 154 S.W.2d 595 (Mo.App.1941), and see 11 C.J.S. Bills and Notes § 737.

Affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.